BROWN et ux. v. FERRELL et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1912.)

1. APPEAL AND ERROR (§ 742*)—RULINGS ON PLEADINGS — ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error complaining of the overruling of an exception to a part of a pleading not followed by a statement setting out the exception or its substance and effect is insufficient, and a reference to the record is not sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. PLEADING (§ 298*)—NON EST FACTUM—AFFIDAVIT—PERSONS AUTHORIZED TO MAKE.

An agent transacting the business between his principal and a third person, and receiving all the money paid by the third person due to the principal and giving receipts therefor, is competent to make an affidavit to a plea of non est factum as to certain receipts produced by the third person.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 890; Dec. Dig. § 298.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Action by Robert Brown and wife against Fannie Ferrell and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Mansfield, Townsend & Quin, for appellants. J. C. Kindred, for appellees.

FLY, J. This is a suit filed by appellants to set aside a judgment by default rendered against them and in favor of Mrs. Fannie Ferrell, and it was alleged that, under and by virtue of said judgment, two tracts of land belonging to appellants were sold by the sheriff, at which sale Mrs. Ferrell purchased 31 acres of land and sold the same to J. L. Harrison, the other appellee herein.

In the judgment sought to be set aside there was a recovery by Mrs. Ferrell, the plaintiff in the cause, on certain notes given for the purchase money by appellants, and a foreclosure of the vendor's lien on the land, and the sale was made to satisfy the lien. It was alleged in this case that the attorney of Mrs. Ferrell had represented to appellants that the cause would not be tried at the September term of the district court of Colorado county, at which time the judgment sought to be set aside was rendered, that the amount of the note would be ascertained and new notes given by appellants and the suit would be dismissed, and, relying upon that agreement, appellants did not appear and defend against the suit, and judgment was rendered against them. They claimed that, if all the credits on the notes had been allowed, the notes would have been paid off. The court entertained the bill of review, and, hearing the evidence, rendered a judgment in favor of appellees. We find that the statement of facts sustains the findings of fact filed by the trial judge, and that they sustain the judgment.

[1] The first assignment of error is: "The court erred in overruling plaintiffs' first exception, as set out in their first supplemental petition excepting to that portion of defendant's original answer as set up in said first exception." The assignment is not followed by such statement as would require its consideration by this court, in that it does not set out the first exception referred to, nor give its substance and effect. A reference to the record is not sufficient.

[2] It seems, however, that appellants are objecting because Miss Kate Ferrell made the affidavit to the plea of non est factum as to certain receipts for money produced by appellants; the objection being that a plea of non est factum "cannot be sworn to by an agent when it is clearly evident from the plea itself that such agent could not possibly have personal knowledge of the matters therein set forth." That proposition is followed by a statement, which fully answers the objection, which statement is: "Appellee's agent seems to have transacted all business between appellee, Mrs. Fannie Ferrell, and appellant, Kate Brown, and in the plea of non est factum the said Miss Kate Ferrell has sworn to all matters therein set out." The uncontradicted evidence showed that Miss Kate Ferrell, as agent of Mrs. Ferrell, transacted all the business with appellants, received all money from them, and gave the only receipts that were given, and the evidence for appellants further showed that all the receipts, proved to be forgeries, were executed by Miss Kate Ferrell as agent for Mrs. Ferrell. Who, of all people on earth, was better qualified to make the oath that the receipts had not been executed by the principal or agent than the person who at-

tended to all the business and who appellants attempted to show had executed the receipts? The expert offered by appellants swore that the same party who signed the name Kate Ferrell to the plea of non est factum signed the name of Mrs. Ferrell to the receipts. Admittedly Miss Kate Ferrell, signed the plea, and she alone could deny that she had signed the receipts. Even if the agent had not attended to all the business, she might have verified the plea by her affidavit, if it does not appear that the principal objected. Eborn v. Zimpelman, 47 Tex. 525, 26 Am. Rep. 315.

The evidence is amply sufficient to sustain the finding of the court that the receipts were forgeries. The evidence of Miss Kate Ferrell, if believed by the court, as it evidently was believed, was sufficient to sustain the finding, but there was other evidence corroborating her testimony. This disposes of the second assignment, and the third is without merit.

The judgment is affirmed.